NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: DARIN DAVIS,<br><br>            Debtor,<br><br>------------------------------<br><br>ASPHALT PROFESSIONALS, INC.,<br><br>            Appellant,<br><br>  v.<br><br>DARIN DAVIS,<br><br>            Appellee. | No.    19-60061<br><br>BAP No. 19-1116<br><br>MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Taylor, Lafferty III, and Spraker, Bankruptcy Judges, Presiding

Argued and Submitted June 1, 2020
Pasadena, California

Before: CALLAHAN and NGUYEN, Circuit Judges, and R. COLLINS,** District
Judge.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Raner C. Collins, United States District Judge for the
District of Arizona, sitting by designation.

Asphalt Professionals, Inc. ("API") appeals from the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's order disallowing API's proof of claim. The bankruptcy court concluded that Davis had no remaining liability to API arising from the state court litigation on which API's proof of claim was based. We have jurisdiction under 28 U.S.C. § 158(d)(1). Reviewing the bankruptcy court's legal conclusions de novo and its factual findings for clear error, *see In re Thorpe Insulation Co.*, 671 F.3d 1011, 1019–20 (9th Cir. 2012), we affirm the BAP's judgments.

1. API contends that Davis lacked standing to join in the Chapter 7 trustee's objection to its proofs of claim. But the trustee had standing to object as a "party in interest," 11 U.S.C. § 502(a); *see* 11 U.S.C. § 704(a)(5) (requiring trustee to "examine proofs of claims and object to the allowance of any claim that is improper" when "a purpose would be served"), and the trustee's objection required the bankruptcy court to conduct a hearing on the contested matter. *See* Fed. R. Bankr. P. 9014. API cites no authority requiring the debtor to have independent standing to join in a claim objection, and API fails to explain how Davis's relevant evidence—which the bankruptcy court could have judicially noticed—was prejudicial. The bankruptcy court did not abuse its discretion by considering it. *See In re Ashley*, 903 F.2d 599, 603 (9th Cir. 1990).

2. The bankruptcy court properly ruled that API had no potential to recover additional attorney's fees for work performed on phase two of the trifurcated state court litigation. Contrary to API's assertion, the superior court did not rule that "the parties could apply for attorney's fees at any time for each segment, portion thereof and/or at the end." Rather, the court ruled that the phase one attorney's fees and costs "would be subject to immediate hearing and review; without prejudice to attorney fees and costs incurred after such hearing in any subsequent facet of the case." Thereafter, "each phase and its associated fee/cost issues would be deemed final for purposes of review as the case progressed." Even if this ruling did not preclude API from seeking additional fees at a later time, API stipulated with the state court defendants in June 2013 that they had satisfied the judgments, attorney's fees, and costs associated with phases one and two.[1] Therefore, the bankruptcy court had no reason to perform a lodestar analysis on the phase two attorney's fees from 2005 to 2010 that API claims remain unpaid.

3. API, having failed to request an explanation from the bankruptcy court for its evidentiary rulings regarding the declarations of Leonard Tavera and Alan

---

[1] At oral argument, counsel for API asserted that Davis was not included in the June 2013 stipulation. Whether or not Davis was formally a party to the stipulation is irrelevant. His liability as an alter ego was limited to "any . . . order or orders awarding damages, punitive damages, attorneys fees and/or costs . . . against T.O. IX, LLC." Since T.O. IX, LLC was a party to the stipulation, there will be no further orders associated with phase two on which Davis will incur alter ego liability.

Forsley, cannot now complain that the court "did not engage counsel in a discussion on the merits on any of the evidentiary objections." *See Sica v. United States*, 325 F.2d 831, 836 (9th Cir. 1963) ("The trial court is not required to explain each of its rulings to counsel."). And any error was harmless. API argued to the bankruptcy court that, contrary to Tavera's sworn statement, he "did not commence representing Defendants in the State Case until several years after October 2005." But Tavera's declaration concerns events that occurred when API acknowledges that he represented the state court defendants, and the attached documents from before that period could have been obtained, as Tavera asserted, "from the court dockets." Forsley's declaration, which analyzed API's counsel's billing records from 2005 to 2010, did not impact the bankruptcy court's analysis given the court's finding that API was not entitled to additional fees.[2]

4. The bankruptcy court did not violate the time limits set forth in Federal Rule of Civil Procedure 6(c)(2) and Federal Rule of Bankruptcy Procedure 9006(d) when it allowed Davis to file various documents in support of the trustee's objection to API's proofs of claim. Nor did the court deny API due process. API had several opportunities to respond to Davis's submissions, and API does not explain how any lack of opportunity caused it prejudice—a prerequisite for relief. *See S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 808 (9th Cir. 2002).

---

[2] We affirm that finding in a concurrently filed memorandum disposition.

4

**AFFIRMED.**